UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOHN VANDERZALM and JANET
VANDERZALM, his wife,

                Plaintiffs,                **MEMORANDUM OF
                                                        DECISION AND ORDER**
                -against-                  11-CV-4253 (ADS) (WDW)

SECHRIST INDUSTRIES, INC., and
ORLANDO SALCEDO,

                Defendants.
---------------------------------------------------------X
**APPEARANCES:**

**CERUSSI & GUNN, P.C.**
*Attorneys for the Plaintiffs*
600 Broad Street
Shrewsbury, NJ 07702
       By:    David J. Pierguid, Esq., Of Counsel

**LAW OFFICES OF RICHARD A. FOGEL P.C.**
*Attorneys for Sechrist Industries, Inc.*
389 Cedar Avenue
Islip, NY 11751
       By:    Richard A. Fogel, Esq., Of Counsel

**FUMUSO, KELLY, DeVERNA, SNYDER, SWART & FARRELL, LLP**
*Attorneys for Orlando Salcedo*
110 Marcus Boulevard, Suite 500
Hauppauge, NY 11788
       By:    Lorraine Berlund Polin, Esq. Of Counsel

**SPATT, District Judge**.

       The Plaintiffs in this case, John Vanderzalm and Janet Vanderzalm, his wife,

(collectively "the Plaintiffs") commenced this products liability personal injury action in the

Supreme Court of New York, Suffolk County ("Products Liability Action") against Defendant

Sechrist Industries, Inc. ("Sechrist"). The complaint alleged that John Vanderzalm was injured

while undergoing medical treatment in a hyperbaric oxygen chamber that was manufactured,

1

distributed, designed, and sold by Sechrist.  The suit was removed by Sechrist to this Court pursuant to 28 U.S.C. § 1332 based on diversity jurisdiction.  Subsequently, the Plaintiffs amended their complaint as a matter of right pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a) adding state law negligence claims against Orlando Salcedo ("Salcedo" and together with Sechrist, "the Defendants"), the technician of the hyperbaric oxygen chamber and a New York resident.

Presently before the Court are three motions.  The first is a motion by the Plaintiffs' to remand the case pursuant 28 U.S.C. § 1447(c), which, as the Court held in its order of June 18, 2012, is properly construed as a motion to join Salcedo and his employer Brookhaven Memorial Hospital Medical Center ("Brookhaven Hospital") as defendants and to remand pursuant to 28 U.S.C. § 1447(e).  (Docket Entry No. 14.)  In addition, both Sechrist and Salcedo have separately moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

For the reasons set forth below, the Plaintiffs' motion to add Salcedo and Brookhaven Hospital and remand the Products Liability Action to the Supreme Court of New York, Suffolk County pursuant to 28 U.S.C. § 1447(e) is granted and the motions by Sechrist and the Salcedo to dismiss are denied as moot without prejudice to renew in state court.

## I. BACKGROUND

**A. Factual Background**

From approximately November 18, 2008 until February 5, 2009, John Vanderzalm was being treated for multiple foot ulcers by Dr. Charles R. Dennis ("Dr. Dennis") at the Center for Wound Care and Hyperbaric Medicine, located at Brookhaven Memorial Hospital Medical Center.  As part of his treatment, John Vanderzalm underwent hyperbaric oxygen therapy sessions in a hyperbaric oxygen chamber located at Brookhaven Hospital.  According to the

Plaintiffs, during a hyperbaric oxygen therapy session on December 2, 2008, John Vanderzalm sustained "significant injuries including pain and suffering, loss of consciousness, blurred vision, tinnitus, skin burn, [and] tremors", and had to undergo subsequent eye and ear surgery. (Am. Compl., ¶ 23.) The technician assigned to the administration of the treatment, pursuant to the medical orders of Dr. Dennis, was Orlando Salcedo.

**B. Procedural Background**

On November 4, 2010, the Plaintiffs commenced a medical malpractice action in the Supreme Court of the State of New York, Suffolk County, against Dr. Dennis and Brookhaven Hospital ("the Hospital Defendants") asserting causes of action in negligence, strict liability, breach of express and implied warranty, and loss of consortium ("State Malpractice Action"). Vanderzalm v. Brookhaven Mem'l Hosp. Med. Ctr. & Charles M. Dennis, M.D., Index No. 40753/10 (Oct. 27, 2010). Although the Plaintiffs received medical records identifying Salcedo as the technician prior to the initiation of the State Malpractice Action, the Plaintiffs did not name Salcedo as a defendant.

Subsequent to the filling of the initial pleadings in the State Malpractice Action, the Plaintiffs' attorney requested from counsel for the Hospital Defendants the name of the manufacturer of the particular hyperbaric oxygen therapy equipment used during Vanderzalm's December 2, 2008 treatment. According to the Plaintiffs, this request followed informal discussions "where it was intimated by defendants' counsel that there was a malfunction with the hyperbaric oxygen therapy equipment". (Pierguidi Aff., ¶ 7.) On April 6, 2011, Brookhaven Hospital's counsel sent a letter to counsel for the Plaintiffs identifying the manufacturer as Sechrist Industries, Inc. Sechrist is a Delaware Corporation with its principal place of business in California. (Notice of Removal, ¶ 1.)

Four months later, on August 12, 2011, faced with an "impending statute of limitations," the Plaintiffs filed the Products Liability Action against Sechrist, in the Supreme Court of the State of New York, Suffolk County. (Pierguidi Aff., ¶ 9.). After commencing the Products Liability Action, the Plaintiffs subsequently moved to consolidate it with the earlier State Malpractice Action. Although dated August 31, 2011, the motion was filed on September 2, 2011. (Pierguidi Aff., ¶ 10.) Also on September 2, 2011, before the Plaintiffs' motion to consolidate the two cases before the Supreme Court could be decided, Sechrist removed the Products Liability Action to this Court pursuant to 28 U.S.C. § 1332 based on diversity jurisdiction. The parties do not dispute that the Plaintiffs subsequently withdrew the motion to consolidate on the ground that it was mooted by the removal of the Products Liability Action to federal court.

On September 8, 2011, following the failed consolidation attempt by the Plaintiffs and the removal by Sechrist, the Plaintiffs filed an amended complaint in this Products Liability Action pursuant to Rule 15(a) adding Salcedo as a defendant. The amended complaint asserts claims against Salcedo for negligently operating, managing, and controlling the hyperbaric oxygen equipment.

**C. The Instant Motions**

On September 16, 2011, based on the fact that the Plaintiffs and Salcedo are both residents of New York, the Plaintiffs moved to remand this Products Liability Action back to the Supreme Court of New York, Suffolk County pursuant to 28 U.S.C. § 1447(c), for lack of diversity subject matter jurisdiction. On June 18, 2012, this Court issued an order finding that the Plaintiffs' motion to remand the Products Liability Action to state court was properly construed as a motion to join Salcedo and remand pursuant to 28 U.S.C. § 1447(e). The Court

also noted that it appeared that all parties considered the Plaintiffs' motion as one to also join Brookhaven Hospital as a defendant. As a result, the Court directed the Plaintiffs to submit a supplemental brief stating whether they also sought to join Brookhaven Hospital. The order also gave the parties an opportunity to submit a supplemental brief addressing the relevant factors for joinder and remand pursuant to § 1447(e). In response to the Court's June 18, 2012 order, the Plaintiffs submitted a brief confirming that, in addition to Salcedo, they also sought to add Brookhaven Hospital based on Brookhaven Hospital's alleged liability for the negligence of Salcedo and Dr. Dennis.

On September 23, 2011, Sechrist filed a cross-motion to dismiss the amended complaint. Sechrist's primary ground for seeking dismissal of the complaint was that the Plaintiffs allegedly fraudulently joined Salcedo as a defendant with the sole motivation of destroying diversity. Finally, on October 3, 2011, Salcedo moved pursuant to Rule 12(b)(6) to dismiss the amended complaint as against him due to the expiration of the applicable statue of limitations, or alternatively, for federal abstention on the grounds that the Plaintiffs were attempting to split their causes of action against Brookhaven Hospital.

## II. DISCUSSION

### A. Legal Standard on a Motion to Remand

As previously stated in the Court's June 18, 2012 order, and undisputed by the parties in their supplemental submissions, the Plaintiffs' motion is properly construed as a motion pursuant to § 1447(e) to add Salcedo and Brookhaven Hospital as defendants and to remand the case to state court. Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). District courts

have broad discretion to decide which course of action to take. McGee v. State Farm Mut. Auto. Ins. Co., 684 F. Supp. 2d 258, 261 (E.D.N.Y.2009).

In order to determine whether to permit joinder and remand a case pursuant to § 1447(e), the Court engages in a two-part analysis. First, the Court must evaluate whether the joinder of an additional defendant is permissible under Federal Rule of Civil Procedure 20(a)(2) ("Rule 20(a)(2)"). See Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003). If the Court finds that joinder is permissible, the Court then turns to the second step, which requires the Court to conduct a "fundamental fairness" analysis in order to "ascertain whether the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand". McGee, 684 F. Supp. 2d at 262 (quoting Roll On Express, Inc. v. Travelers Indem. Co. of Connecticut, No. 09-CV-213, 2009 WL 1940731, at *1 (E.D.N.Y. July 2, 2009)) (alteration omitted).

**B. Whether Joinder Is Permissible under Rule 20(a)(2)**

Turning to the two-part analysis required by § 1447(e), the Court first must consider whether joinder is permissible under Rule 20. The rule permits joinder of defendants in a single action if there is asserted against them any right to relief arising out of "the same transaction, occurrence, or series of transactions or occurrences" and involving "any question of law or fact common to all defendants ." Fed. R. Civ. P. 20(a)(2). The purpose of Rule 20 is to promote "trial convenience and to expedite the final determination of disputes." Fair Hous. Dev. Fund Corp. v. Burke, 55 F.R.D. 414, 422 (E.D.N.Y. 1972); see also Kehr v. Yamaha Motor Corp., U.S.A., 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008).

Although the claims against Salcedo and Brookhaven Hospital sound in either ordinary negligence or medical malpractice, and the claims against Sechrist sound in products liability,

6

the sole presence of two different legal claims does not prevent joinder where all claims arise from a single occurrence. Wilson v. Toussie, No. 01-CV-4568, 2003 WL 22466219, at * 5 (E.D.N.Y. Oct. 8, 2003) ("Under Rule 20, the 'same transaction [or] occurrence' has been interpreted to include all 'logically related claims by or against different parties to be tried in a single proceeding.'") (quoting Blesedell v. Mobil Oil Co., 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989)).

Here, the parties' submissions plainly establish that all of the claims arise out of the same incident in the hyperbaric chamber, on December 2, 2008, and the trial of this case will involve many of the same common issues of law and fact. Therefore, the Court finds that the addition of Salcedo and Brookhaven Hospital satisfies the permissive joinder standard pursuant to Rule 20. See Clancy v. Zimmer, Inc., No. 04-CV-1018, 2007 WL 969237, at *4 (W.D.N.Y. Mar. 30, 2007) (permitting permissive joinder under Rule 20 of medical malpractice and products liability actions); see also Corchado v. Prod. Design & Dev. Inc., No. 99-CV-9032, 2000 WL 134689, at *2 (S.D.N.Y. Feb. 4, 2000); Rodriguez v. Abbott Labs., 151 F.R.D. 529, 532–33 (S.D.N.Y. 1993); McIntyre v. Codman & Shurtleff, Inc., 103 F.R.D. 619, 621 (S.D.N.Y. 1984).

**C. Whether the "Balancing" Weighs in Favor of Joinder and Remand**

Having found that joinder of Salcedo and Brookhaven Hospital is permissible under Rule 20, the Court turns to the second and more complicated issue, namely, whether allowing the joinder destroying diversity in the amended complaint comports with "principles of fundamental fairness." Abraham Nat. Foods Corp. v. Mount Vernon Fire Ins. Co., 576 F. Supp. 2d 421, 425 (E.D.N.Y. 2008). Courts in this circuit consider four factors in making this determination "(1) any delay, and [the plaintiff's] reasons, in moving to amend, (2) any resulting prejudice to the defendants, (3) the likelihood of multiple litigation, and (4) the plaintiff's motivation in moving

to amend." Gursky v. Nw. Mut. Life Ins. Co., 139 F.R.D. 279, 280 (E.D.N.Y. 1991) (internal citations omitted). The Court must consider the "totality of the circumstances." Roll On Express, Inc. v. Travelers Indem. Co. of Connecticut, No. 09-CV-213, 2009 WL 1940731, at *2 (E.D.N.Y. July 2, 2009). Diversity-destroying joinder is permitted when the factors weigh in the moving party's favor. Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003). "This fairness analysis is intended to balance the general preference for a broad scope of action against concerns relating to the manipulation of jurisdiction by a plaintiff." Abraham, 576 F. Supp. 2d at 425.

### 1. Whether There Was Delay in Plaintiffs' Moving To Amend

The Defendants argue that joinder of Salcedo and Brookhaven Hospital for claims based on Salcedo's actions is improper because the Plaintiffs knew of the existence and role of Salcedo prior to commencing the State Malpractice Action, and sat on the knowledge of Sechrist's identity for four months before the "impending statute of limitations" necessitated filing a separate Products Liability Action. However, with respect to the first factor, the only delay that is relevant to joinder considerations is the time between the removal of the case and the Plaintiffs' motion for joinder or remand. See Deutchman v. Express Scripts, Inc., No. 07-CV-3539, 2008 WL 3538593, at *3 (E.D.N.Y. Aug. 11, 2008) (delay in seeking an amendment is "measured from the date of removal."); Rosenthal v. Life Fitness Co., 977 F. Supp. 597, 600 (E.D.N.Y. 1997). In the instant case, the six day delay in adding Salcedo as a defendant and subsequent four day delay in moving to remand does not constitute a significant delay following removal. Thus, this factor weighs in favor of the Plaintiffs' motion to remand. See, e.g., Treeline 990 Stewart Partners LLC v. RAIT Atria, LLC, No. 10-Cv-5234, 2011 WL 2532873, at *3 (E.D.N.Y. June 22, 2011) (two week delay between removal and motion for joinder and

remand did not constitute delay and weighed in favor of permitting joinder); Mcgee, 684 F. Supp. 2d at 263 (same).

To the extent this argument applies to the Plaintiffs' motivation in joining Salcedo and Brookhaven Hospital, the Court finds it similarly unavailing. The Court agrees that all of this additional litigation could have been avoided had the Plaintiffs moved to add Sechrist and Salcedo in the existing state court action, when they clearly had an ample amount of time to do so. However, the remedy for the Plaintiffs' questionable litigation strategy is not to waste additional judicial resources and prejudice all the parties by having a case arising out of the same alleged incident, for which the defendants may be jointly, severally, or alternatively liable, litigated in two separate forums. Cf. Hunt v. Stryker Corp., No. 03-CV-7385, 2004 WL 502186, at *3 (S.D.N.Y. Mar. 10, 2004) (holding that, although there was a delay in commencing the second action after learning of the potential products liability claim, the delay did not warrant a finding of improper joinder where the defendant did "not provide[] evidence to suggest that the delay is the result of anything but the investigation into the claims"); Rodriguez v. Abbott Labs., 151 F.R.D. 529, 533 (S.D.N.Y. 1993) ("While the Court notes that plaintiff could have avoided the instant motion by simply joining Abbott to the original action, the Court sees no reason why the two actions should not be consolidated now.").

### 2. Whether Defendants Will Be Prejudiced By The Joinder and Remand

Next, the Court looks to whether any of the Defendants will be prejudiced by the joinder and remand. Although Sechrist has an interest in defending against this action in this forum, and removal to this Court was properly executed, the Court discerns no prejudice to Sechrist which would warrant denying the Plaintiffs' motion. This case is still in its preliminary stages, and while some discovery may have been completed during the pendency of this motion, the

"potential for additional discovery alone" is insufficient to constitute prejudice.  Roll On Express, 2009 WL 1940731, at *2–3 (collecting cases); see also Nazario, 295 F. Supp. 2d at 364; Abraham, 576 F. Supp. 2d at 425.  Thus, the Court finds that Sechrist would not be prejudiced by permitting the joinder of Salcedo and remanding the case to state court.

The Defendants do not appear to argue that Salcedo will suffer any prejudice beyond the fact that the Plaintiffs seek to assert claims against him in his individual capacity.  Rather, the Defendants contend that joinder would prejudice Brookhaven Hospital, by forcing it to defend in two separate actions, and exposing Brookhaven Hospital to inconsistent liability.  The Court agrees that there is a possibility that, if the cases are not consolidated on remand, Brookhaven Hospital may be forced to defend itself in two separate actions.  Nevertheless, as discussed further below, because the Court finds that permitting joinder is more likely to result in a single litigation, the Court finds that the potential prejudice to Brookhaven Hospital should be balanced against the prejudice to the Plaintiffs in pursuing their action in two separate forums and also in the interests of judicial economy.  Thus, because there would be no prejudice to Sechrist or Salcedo, and there is very little risk of prejudice to Brookhaven Hospital, this factor weighs in favor of the Plaintiffs' motion for remand. See Young v. Simon Ladder Towers, Inc., No. 06-CV-189, 1996 WL 685753, at *2 (W.D.N.Y. Nov. 26, 1996) (noting that prejudice based on defending in two separate actions was not as high where, although the court had no control over the state court's actions following remand, consolidation and the ability to conduct additional discovery was likely).

### 3. Whether Dismissal of the Non-Diverse Defendant Would Create A Risk of Multiple Litigation

Generally, courts addressing this factor consider whether denying joinder will result in two parallel litigations—one in state court and one in federal court.  Where, as here, the cases

arise from the same transaction and are governed by the same state law, courts generally find that this factor weighs in favor of remand in the interest of judicial economy. See e.g., Mammano v. Am. Honda Motor Co., Inc., 941 F. Supp. 323, 325 (W.D.N.Y. 1996); Carter v. Dover Corp., Rotary Lift Div., 753 F. Supp. 577, 580 (E.D. Pa. 1991). However, where the multiplicity of litigation is due to the plaintiff's litigation strategy, this factor carries less weight. See Deutchman, 2008 WL 3538593, at *4.

This case presents a slightly more complicated situation. Here, there is an ongoing state action, and the Court cannot consolidate a state and federal case. See Rosado v. Johnson, 589 F. Supp. 2d 398, 400 (S.D.N.Y. 2008). If the Court denies joinder "there is a *certainty* of multiple litigation". Young, 1996 WL 685753, at *2. If the Court permits joinder and remand, there will still be two cases. However, both will be in state court and, with reasonable certainty, will be capable of consolidation. Although the Court cannot predict whether the State Malpractice Action and the instant case will be consolidated upon remand, based on a review of New York case law, and the fact that both cases are in the early stages of litigation, it is highly likely that a motion to consolidate in state court will be granted. See Williams v. City of New York, 191 A.D.2d 217, 218, 594 N.Y.S.2d 200, 200 (1st Dep't 1993) (consolidation of negligence and medical malpractice actions); Zupich v. Flushing Hosp. and Medical Ctr., 156 A.D.2d 677, 677–78, 549 N.Y.S.2d 441, 442 (2d Dep't. 1989) (permitting consolidation of products liability and medical malpractice actions in order to avoid inconsistent verdicts and conserve judicial resources); see also Morell v. Basa, 300 A.D.2d 134, 135, 752 N.Y.S.2d 299, 300 (1st Dep't 2002) (reversing denial of motion to consolidate separate medical malpractice actions against doctor and hospital for the same injury because "one jury hearing all the evidence can better determine the extent to which each defendant caused plaintiff's injuries and should eliminate the

possibility of inconsistent verdicts which might result from separate trials") (internal quotation marks omitted); Velasquez v. C.F.T., Inc., 267 A.D.2d 229, 230, 699 N.Y.S.2d 470, 471–72 (2d Dep't 1999) (permitting consolidation of products liability and personal injury actions arising out of the same automobile accident); cf. Rosado v. Johnson, 589 F. Supp. 2d 398, 401-02 (S.D.N.Y. 2008) (permitting joinder of non-diverse defendant in pending state court action and remand to allow consolidation of state and federal actions where New York state court was the only forum "where the claims against all defendants . . . .c[ould] be litigated in a unified proceeding" and therefore "[j]udicial economy, as well as the parties' interest in seeing a single verdict that conclusively determines the liabilities of all defendants . . . counsel[ed] in favor of remand"); McIntyre v. Codman & Shurtleff, Inc., 103 F.R.D. 619, 622–23 (S.D.N.Y. 1984) ("The amended complaint before us would essentially be the working complaint had these two lawsuits been consolidated. While plaintiff had not made the motion for consolidation before Codman removed, it is clear that consolidation is generally liberally allowed, and it would be highly unlikely that such a motion would have been denied.").

Here, joinder followed by remand could allow the Plaintiffs to resolve all of their claims relating to their injuries in a single action and avoid the specter of inconsistent judgments. Therefore, remand here would promote judicial efficiency by preventing redundant discovery and witness testimony at two separate trials. See Young, 1996 WL 685753, at *3 (W.D.N.Y. Nov. 26, 1996). Thus, the Court finds that this factor weighs in favor of permitting joinder and remand. However, because the Plaintiffs could have added Salcedo and Sechrist as defendants in the State Malpractice Action and avoided this problem altogether, the Court finds that this factor weighs only slightly in the Plaintiffs' favor.

### 4. As to the Plaintiffs' Motivation in Moving to Amend

The fourth and final factor looks to the Plaintiffs' motivation in seeking to join Salcedo and Brookhaven Hospital. The Defendants contend that joinder is fraudulent because the Plaintiffs cannot assert a valid claim against Salcedo or Brookhaven Hospital and the Plaintiffs' sole motivation in adding Salcedo and Brookhaven Hospital is to destroy diversity and cause a remand to state court.

"Where neither the facts of the case nor the applicable state law provide a possibility of recovery against a named or prospective defendant, joinder of that individual is considered fraudulent and may not serve as the basis for remand." Sonn v. Wal-Mart Stores, Inc., No. 06-CV-1816, 2006 WL 2546545, at *3 (E.D.N.Y. Sept. 1, 2006). "In determining whether such a possibility exists, '[a]ll uncertainties in applicable state law are resolved in favor of the plaintiff, and the complaint is subjected to less searching scrutiny than on a motion to dismiss for failure to state a claim.'" DNJ Logistic Group, Inc. v. DHL Exp. (USA), Inc., 727 F. Supp. 2d 160, 164 (E.D.N.Y. 2010) (quoting Campisi v. Swissport Cargo Servs., LP, No. 09-CV-1507, 2010 WL 375878, at *2 (E.D.N.Y. Jan. 26, 2010)). Indeed, even where it appears that the complaint is unlikely to survive a motion to dismiss in state court, remand is only precluded on so-called fraudulent joinder grounds "where state case law or legislation removes all reasonable possibility that the plaintiff would be permitted to litigate the claim". Id. at 165 (internal quotation marks omitted).

In this regard, the Defendants argue that Salcedo was improperly joined because the negligence claims against Salcedo sound in medical malpractice, and therefore are time-barred by the two and a half year statute of limitations set forth in CPLR § 214-a. In response, the Plaintiffs argue that, because they still do not know what happened during the December 2, 2008

session, it is plausible that Salcedo can be held liable for timely claims of simple negligence. Furthermore, because John Vanderzalm continued to be treated at Brookhaven Hospital until April 7, 2009, and it remains unknown whether Salcedo continued to perform hyperbaric oxygen chamber treatments on him during that time, the Plaintiffs assert that the continuing violation doctrine may apply to toll the statute of limitations on the medical malpractice claim.

The Court agrees with the Defendants that the Plaintiffs may not be able to assert timely claims against Salcedo directly. See Morales v. Carcione, 48 A.D.3d 648, 649, 852 N.Y.S.2d 343, 344–45 (2d Dep't 2008) (reversing trial court and granting motion to dismiss negligence claims against a professional corporation for injuries allegedly sustained by the plaintiff as a result of technicians applying heating pads to her legs because "the incident which resulted in the alleged injuries to the plaintiff arose out of the physician-patient relationship and was substantially related to the rendering of medical treatment to combat her neuropathy and other neuromuscular ailments" and therefore sounded in medical malpractice, not negligence); Cohen v. New York Univ., No. 113982/06, 2010 N.Y. Misc. LEXIS 1865, at *10 (N.Y. Sup. Ct. April 19, 2010) (holding that a plaintiff's negligence claims against an MRI technician sounded in malpractice, and therefore were barred by the statute of limitations, because "[a]n MRI is a diagnostic procedure administered by a trained technician and must be administered according to certain procedures" and "[s]ince the purpose of an MRI is to aid in diagnosis which is a "crucial element" of rendering medical treatment to a patient, it clearly bears a substantial relationship to the rendition of medical treatment."); but see Elkin v. Goodman, 285 A.D.2d 484, 486, 727 N.Y.S.2d 158, 159–60 (2d Dep't 2001) (reversing summary judgment in favor of radiologists on a medical malpractice claim holding that, although generally the continuous treatment doctrine does not apply to "discrete, intermittent, medical services", there were issues of fact as to

whether the continuous treatment doctrine applied because the radiologists' periodic diagnostic examinations were "part of ongoing care for [the] plaintiff's existing condition that [were] explicitly anticipated by physician and patient alike").

Nevertheless, the joinder of Brookhaven Hospital would also destroy diversity, and there can be no dispute that the negligence claims regarding Salcedo's conduct as asserted against Brookhaven Hospital—regardless of whether they sound in malpractice—timely relate back to the complaint in the State Malpractice Action. See Clancy, 2007 WL 969237, at *4 (holding that medical malpractice claims asserted against medical defendants who were also defendants in an existing state court malpractice action related back to the complaint filed in the state court action). Furthermore, as the Court noted in the June 18, 2012 Order, the parties agree that the negligence claims against Salcedo are essentially claims against Brookhaven Hospital based on Salcedo's conduct. Thus, the Court finds it unnecessary for purposes of this motion to reach the issue of whether the Plaintiffs can ultimately assert timely claims against Salcedo in his individual capacity.

The Court further finds that the Plaintiffs' motivation for joining Salcedo and Brookhaven Hospital does not prevent joinder and remand. Notably, if the other factors are met, the Court is required to remand the action to state court "unless a plaintiff seeks to add a non-diverse party *solely* to destroy the court's basis for diversity jurisdiction". Balfour v. Quest Diagnostics Inc., No. 11-CV-4701, 2012 WL 335666, at * 2 (S.D.N.Y. Feb. 1, 2012) (internal quotation marks and citation omitted). Furthermore, the fact that a plaintiff is motivated to destroy diversity will not necessarily weigh against joinder and remand where the destruction of diversity is not to avoid a federal forum, but rather to avoid multiple litigations and promote judicial economy. See Juliano v. Toyota Motor Sales, U.S.A., Inc., 20 F. Supp. 2d 573, 576

15

(S.D.N.Y. 1998); Rosenthal v. Life Fitness Co., 977 F. Supp. 597, 601 (E.D.N.Y. 1997); see also McIntyre, 103 F.R.D. at 623 ("While plaintiff is obviously motivated in part to avoid removal jurisdiction, the motivation would appear to be more related to avoiding multiple litigation rather than federal jurisdiction.").

The Court finds that the chronology of the case supports the Plaintiffs' contention that the addition of claims and defendants based on Salcedo's alleged negligence was not solely to circumvent federal jurisdiction, but rather to avoid multiple litigations. Here, the Plaintiffs do not merely state that they intended to consolidate the State Malpractice Action and the Products Liability Action, but it is undisputed that they filed a motion to consolidate prior to Sechrist's removal of this action. As previously stated, the joinder of the malpractice and products liability claims is proper under Rule 20, and the Court finds it is highly likely that the cases would have been consolidated had the state court had an opportunity to render a decision prior to removal. Thus, the Court finds that the Plaintiffs' motivation for joinder was not solely to destroy diversity, but rather to effectuate a consolidation and promote judicial economy.

Finally, the Court finds no merit in the Defendants' contention that joinder of Brookhaven Hospital is fraudulent because it is already a defendant in the State Malpractice Action and its joinder would improperly split claims against it. This factual scenario—where a plaintiff seeks to join a non-diverse medical defendant who is also a defendant in a state medical malpractice action to a removed products liability action arising from the same transaction or occurrence—is not uncommon. In these similar cases, courts have generally found that asserting claims in the second action against the medical defendant was not improper, and that the plaintiff's motivation to consolidate the cases outweighed the motivation to destroy diversity. See , e.g., Clancy, 2007 WL 969237 at *4; Hunt, 2004 WL 502186, at *2–3; Corchado v. Prod.

16

Design & Dev., Inc., No. 99-CV-9032, 2000 WL 134689, at *3 (S.D.N.Y. Feb. 4, 2000); Rodriguez, 151 F.R.D. at 533; McIntyre, 103 F.R.D. at 623. The facts in this case do not compel a different result.

Thus, the Court finds that the Plaintiffs had a sufficient independent reason for joining Salcedo and Brookhaven Hospital apart from a desire to destroy this Court's diversity and therefore the fourth factor, motivation, also weighs in favor of permitting joinder and remand.

### III. CONCLUSION

The Court finds that the joinder of Salcedo and Brookhaven Hospital is permissible under Rule 20 and that joinder is fundamentally fair insofar as there has been no substantial delay; the Defendants have not shown that they will be prejudiced by remand; and the Plaintiffs' motivation in joining Salcedo and Brookhaven Hospital in order to consolidate the two actions and promote judicial economy, was neither improper nor fraudulent. On the contrary, the Court finds that the Plaintiffs' motivation was proper. Accordingly, this Court is therefore bound by the provisions of § 1447(e) and the present action must be, and hereby is, remanded to state court. The motions for dismissal brought by Sechrist and Salcedo are denied as moot without prejudice to renewal in the state court.

**SO ORDERED.**

Dated: Central Islip, New York
July 12, 2012

                                             _/s/ Arthur D. Spatt_
                                               ARTHUR D. SPATT
                                            United States District Judge